UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DION JERMAINE ANDERSON,

           Plaintiff,

        v.                                    Case No. 25-cv-1230-bhl

ELIZABETH VARGAS,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Dion Jermaine Anderson, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Anderson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Anderson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Anderson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $81.99. Anderson's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

The allegations in the complaint are vague.  As best the Court can tell, Defendant Elizabeth Vargas is Anderson's supervising agent.  According to Anderson, on April 10, 2025, Vargas blocked his wife from visiting him while he was confined at the Waukesha County Jail.  It appears that Anderson's wife may have filed a complaint with Child Protective Services concerning Anderson's twelve-year-old niece appearing in a video holding a gun with a laser beam.  Anderson asserts that his wife is a mandatory reporter.  Although it is far from clear, Vargas may have stated that she was unable to see anything in the video, which Anderson states is untrue.

## THE COURT'S ANALYSIS

The complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 because it does not contain sufficient factual information to provide notice to the Defendant of what she did or did not do to violate Anderson's rights.  From the brief and vague allegations, it appears that Vargas prevented Anderson's wife from visiting Anderson on a single day because Vargas believed

2

Anderson's wife had submitted a false complaint to child protective services. It is not clear how a single blocked visit with his wife violated Anderson's constitutional rights, particularly if Vargas' decision was motivated by an investigation into a possible false report by Anderson's wife. It is also not clear why the possibly false report was significant to Vargas or how it related to Anderson. Context matters when determining whether an action violates the Constitution, and the complaint contains no context to enable the Court to understand why Vargas acted as she did. In short, the complaints allegations are not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

If Anderson wants to proceed with this lawsuit, he will need to file an amended complaint by **March 30, 2026** that cures the deficiencies identified in this decision. Anderson should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. He should explain who was involved, the significance of each person in relation to his claim, what happened, and how he was impacted by what happened. Anderson should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Anderson is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Anderson's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Anderson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 30, 2026**, Anderson may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Anderson a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Anderson shall collect from his institution trust account the $268.01 balance of the filing fee by collecting monthly payments from Anderson's prison trust account in an amount equal to 20% of the preceding

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Anderson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Anderson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Anderson is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Anderson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of February, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge