DION JERMAINE ANDERSON,

        Plaintiff,

      v.                                     Case No. 25-cv-1230-bhl

ELIZABETH VARGAS,

        Defendant.

## SCREENING ORDER

Plaintiff Dion Jermaine Anderson, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 27, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, gave Anderson the opportunity to file an amended complaint, which he did on March 12, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

**ALLEGATIONS OF THE AMENDED COMPLAINT**

Anderson asserts that his supervising agent Elizabeth Vargas prohibited his wife from visiting him on April 10, 2025, while he was incarcerated at the Waukesha County Jail. According to Anderson, his wife had received a video showing his niece holding a gun. Anderson's wife apparently showed the video to Vargas, who did not report the video to anyone. Anderson explains that he told his wife to contact Child Protective Services, which she did. Anderson states that Vargas did not mention the video at a hearing, although he does not explain what the purpose of the hearing was, when it occurred, or who was involved. Anderson speculates that Vargas did not mention the video at the hearing because then she would not have been able to use the statements of his niece or mother. But again, Anderson does not explain what the statements were about, how the video was relevant to the statements, or how the statements impacted him. Anderson states that his niece could have been hurt if she had not been caught with the gun at school.

**THE COURT'S ANALYSIS**

As was the case with the original complaint, the amended complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 because it does not contain sufficient factual information to provide notice to the Defendant of what she did or did not do to violate Anderson's rights. From the brief and vague allegations, it appears that Vargas prevented Anderson's wife from visiting him on a single day and that she did not reference a video at a hearing. But, without more information, the Court cannot reasonably infer that either of these actions violated the Constitution. With respect to the visit, Anderson does not assert whether his wife was able to visit him on other days or whether he was able to communicate with her by mail, video visit, telephone, or email. As such, the Court cannot reasonably infer that this single blocked visit ran afoul of the First Amendment. *See Easterling v. Thurmer*, 880 F. 3d 319, 323 (7th Cir. 2018) (holding that "prison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members . . .").

With regard to Vargas' alleged failure to report the video to Child Protective Services or the hearing judge, it is not clear what harm Anderson suffered. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'") Anderson does not explain why he or his wife could not inform the judge about the video. And, in any event, as noted above, Anderson does not explain what the hearing was

2

about or how the video was relevant to the hearing. Anderson concludes that Vargas would not have been able to use the "statements" at the hearing, but the Court need not accept Anderson's legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.